UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARIN J. FRANKLIN, | ) | |
| Plaintiff, | ) | |
| | ) | 3:15-cv-00196-RCJ-WGC |
| v. | ) | |
| | ) | |
| TANIA ARGUELLO, et. al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is defendants' motion for clarification of screening order (ECF No. 11), filed February 16, 2016. Defendants request a stay and, further, ask that the Court clarify which defendants are implicated in the surviving claims and explain the status of the case moving forward. (*See id.* at 3:24-4:10).

On April 3, 2015, Plaintiff Darin J. Franklin filed his complaint, alleging ten counts and seeking monetary damages, as well as declaratory and injunctive relief. (ECF No. 2 at 95-96) On January 26, 2016, the Court issued a screening order dismissing Count I, IV (ankle brace, sunscreen, vaccination, PPI/H2 medication), Count V, Count VI (RLUIPA), Count VII (RLUIPA), Count VIII, and Count IX without leave to amend; dismissing Count II, Count III, and Count X with leave to amend; and permitting Count IV (cancellation of antacid prescription, nutrition), Count VI (Free Exercise Clause), and Count VII (Free Exercise Clause) to proceed. (ECF No. 9 at 17:8-15).

///

In the screening order, the Court: (1) ordered Plaintiff to complete service of the complaint through the U.S. Marshal's Office; (2) stayed the case for ninety (90) days to allow Plaintiff and Defendants an opportunity to settle their dispute through a court-appointed mediator; and (3) granted Plaintiff leave to amend his complaint. (*Id.* at 17:11-12, 18:1-10, 18:19-19:6).

The Court grants the motion for clarification. The Court now vacates the portion of the screening order which directed Plaintiff to complete service through the U.S. Marshal's office and the portion of the order which stayed the case for the purposes of mediation. (*Id.* at 18:1-19:6). The Court finds that it prematurely ordered those events before giving Plaintiff the opportunity to file an amended complaint. The Court now grants Plaintiff 30 days from the date of this order to file an amended complaint curing the deficiencies of his original complaint, as enumerated in the screening order. If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint before determining whether the case should proceed to mediation.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, as outlined in the screening order, Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff

chooses not to file an amended complaint curing the stated deficiencies, the Court shall issue a subsequent order directing the case to mediation.  If no amended complaint is filed, Plaintiff's Count IV (cancellation of antacid prescription, nutrition) shall proceed against defendant Dr. Michael Koehn, Count VI (Free Exercise Clause - Group Worship) shall proceed against defendants Warden Renee Baker and NDOC Director James Cox, and Count VII (Free Exercise Clause - Holy Communion) shall proceed against defendants Warden Renee Baker and NDOC Director James Cox.  Defendants Murguia and Walsh are dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that defendants' motion for clarification of screening order (ECF No. 11) is GRANTED to the extent described above.

IT IS FURTHER ORDERED that the portion of the Court's screening order directing Plaintiff to complete service through the U.S. Marshal's Office and to proceed to mediation (ECF No. 9 at 18:1-19:6) is vacated.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in the screening order, Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 2), and a copy of the screening order (ECF No. 9).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court shall issue a subsequent order directing the case to mediation on Plaintiff's Count IV (cancellation of antacid prescription, nutrition) against defendant Dr. Michael Koehn, Count VI (Free Exercise Clause - Group Worship) against defendants Warden Renee Baker and NDOC Director James Cox, and

Count VII (Free Exercise Clause - Holy Communion) against defendants Warden Renee Baker and NDOC Director James Cox.

IT IS FURTHER ORDERED that defendants Sergeant Eugene Murguia and Associate Warden Lisa Walsh are dismissed without prejudice.

IT IS FURTHER ORDERED that, consistent with the findings of this order, the Court HEREBY STRIKES page 18 and lines 1-6 on page 19 of its screening order (ECF No. 9).

DATED: This 4th day of March, 2016.

_____
United States District Judge