# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARIN J. FRANKLIN, | )<br>) |
| Plaintiff, | )<br>)   3:15-cv-00196-RCJ-WGC |
| v. | )<br>) |
| TANIA ARGUELLO, et al., | )   **ORDER**<br>) |
| Defendants. | )<br>) |

## I. DISCUSSION

Plaintiff has submitted a motion for reconsideration and Defendants have filed a request for instruction regarding Plaintiff's motion for reconsideration. (ECF No. 24, 25).

Plaintiff asserts that the Court should reconsider its dismissal of defendants Baker, Byrne, Cortez-Masto, Cox, Deal, Drain, Foster, McDaniel, Moore, Oxborrow, Sandoval, and Southworth due to their failure to correct due process violations suffered by Plaintiff. (ECF No. 24 at 3).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*

*v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In the screening order, the Court dismissed those Defendants not plausibly implicated in any of the claims, either directly or through "a *specific* policy implemented by the Defendants or a *specific* event or events instigated by the Defendants that led to" the constitutional harm. (ECF No. 21 at 4:8-10) (citing *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012)). The Court also noted that the denial of grievances alone does not give rise to a § 1983 claim. (ECF No. 21 at 4:11-12) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *May v. Williams*, No. 2:10-cv-576, 2012 WL 1155390, at *3 (D. Nev. Apr. 4, 2012) (Navarro, J.) (citing *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1201 (D. Kan. 2008))).

Plaintiff asserts that supervisory officials may be held liable where they have accepted a policy or custom of due process denials. (ECF No. 24 at 3:17-24) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (finding a warden could be held liable if he accepted a policy or custom of due process denials in disciplinary hearings)). As stated in the Court's screening order, Plaintiff does not allege a specific policy or specific events instigated by the Defendants that led to the constitutional harm. Plaintiff does not allege a specific custom of due process violations; he alleges that in his specific case, due process violations occurred. *See generally* ECF No. 22.

In his motion for reconsideration, Plaintiff attached a copy of a letter that he sent to the defendants. (ECF No. 24 at 10-14). Plaintiff alleges that the letter asserts that the Nevada Department of Corrections has a custom of failing to allow Plaintiff to call witness at disciplinary hearings. (*Id.* at 4). Despite Plaintiff's characterization of the letter in his motion for reconsideration, in it, he never alleges a *custom* of due process denials. (*See id.* at 10-14). Plaintiff's letter describes due process violations that happened to him alone, and not a pervasive custom of due process denials beyond those he specifically suffered at the hands of specific defendants within the Nevada Department of Corrections. Plaintiff does allege perfidious intent on the part of associate Warden Lisa Walsh, but conclusory and unsupported allegations of an intent to further "illegal" hearings need not be accepted as true by the Court.

Plaintiff's claimed loss of a liberty interest in the processing of his appeals and grievances is not actionable as inmates lack a constitutional entitlement to a specific prison grievance procedure. *See Ramirez*, 334 F.3d at 860 (citing *Mann*, 855 F.2d at 640). Plaintiff can and has challenged the specific state action which allegedly imposed some atypical and significant hardship on him: the Court has permitted that part of Plaintiff's claim to proceed. (*See* ECF No. 21 at 5:2-4).

As such, the Court denies Plaintiff's motion for reconsideration.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that the Defendants' request for instruction (ECF No. 25) is DENIED as moot.

DATED: This 7th day of June, 2016.

_____
United States District Judge