UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARIN J. FRANKLIN,

        Plaintiff,

vs.

TANIA ARGUELLO et al.,

        Defendants.

3:15-cv-00196-RCJ-WGC

ORDER

This is a prisoner civil rights action under 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 41.) For the reasons given herein, the Court denies the motion.

I.     FACTS AND PROCEDURAL BACKGROUND

Plaintiff's original Complaint was screened under 28 U.S.C. § 1915A. (*See* First Screening Order, ECF No. 9.) In its screening order, the Court dismissed certain claims with prejudice, dismissed certain other claims with leave to amend, and dismissed several defendants from the action.[1] Plaintiff subsequently amended his Complaint. (First Am. Compl., ECF No. 22.) The Court screened the First Amended Complaint ("FAC") and permitted all five of its claims to proceed as amended, but dismissed all named defendants with the exceptions of

---

1 For further detail regarding the Court's findings and conclusions, see the Court's first screening order, ECF No. 9, at 17.

Eugene Murguia, Michael Koehn, and Renee Baker. The Court expressly found that Counts I and II of the FAC were sufficiently pleaded only against Murguia; Count III of the FAC was sufficiently pleaded only against Koehn; and Counts IV and V of the FAC were sufficiently pleaded only against Baker. (*See* Second Screening Order, ECF No. 21.)

In its initial screening order, the Court dismissed, without leave to amend, a portion of Count IV of the original Complaint, namely, Plaintiff's Eighth Amendment claim arising from Dr. Michael Koehn's refusal to prescribe proton pump inhibitors ("PPIs") or H2 blockers as treatment for Plaintiff's gastro-esophageal reflux disease ("GERD"). (*See* First Screening Order 7–8, ECF No. 9.) Plaintiff had been taking PPIs or H2 blockers (e.g., Prevacid) for about eight years when he decided to stop in mid-2012, based on the medical advice of a Dr. Mar at Warm Springs Correctional Center concerning the potential harmful side-effects of long-term use. From that time on, Plaintiff limited medication for his GERD to high-dose calcium antacids. About a year and a half later, Plaintiff began experiencing an increase in symptoms, including severe pain, and asked Dr. Michael Koehn at Ely State Prison to resume Plaintiff's prescription for PPIs or H2 blockers. Koehn refused, and rather kept prescribing antacids. Koehn continued to refuse to prescribe Plaintiff the medication he requested for a period of roughly seven months. In its first screening order, the Court narrowly dismissed Plaintiff's claim to the extent it was based on Koehn's refusal to prescribe PPIs or H2 blockers, but allowed the claim to proceed with respect to certain periods of time during which Koehn did not prescribe any medication for Plaintiff's GERD. (*See id.* at 9–10.)

Plaintiff now asks the Court to reconsider its prior order dismissing with prejudice his Eighth Amendment claim arising from Koehn's refusal to prescribe PPIs or H2 blockers.

/ / /

/ / /

## II. LEGAL STANDARDS

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Nor is reconsideration to be used to ask the court to rethink what it has already thought. *See Walker v. Giurbino*, 2008 WL 1767040, *2 (E.D. Cal. 2008); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

///

### III.   ANALYSIS

Plaintiff has failed to present any newly discovered evidence, to demonstrate how the Court's prior dismissal upon screening was clear error or manifestly unjust, or to show that there has been an intervening change in controlling law. Therefore, Plaintiff has failed to satisfy his burden on a motion to reconsider, and on this basis alone Plaintiff's motion must be denied.

Plaintiff argues that the Court erred in denying leave to amend Count IV of the original Complaint. In its initial screening order, the Court found that Dr. Koehn's refusal to prescribe PPIs or H2 blockers for Plaintiff's GERD "represent[ed] a disagreement in the method of treatment that cannot be said to constitute a total lack of treatment amounting to deliberate indifference in the constitutional sense." (Screening Order 10, ECF No. 9.) Therefore, the Court dismissed this portion of Count IV without leave to amend.

Here, Plaintiff has failed to demonstrate that the Court's prior conclusions were wrong, and failed to show that the deficiencies in Count IV of the original Complaint could be cured by amendment. During the period of time that Plaintiff was requesting PPIs or H2 blockers but Dr. Koehn was alternatively prescribing antacids, Koehn was providing treatment to Plaintiff, albeit in a manner Plaintiff did not agree with. Moreover, Plaintiff's pleadings indicate that Koehn's prescription of antacids was a continuation of the treatment plan recommended by Plaintiff's prior physician, Dr. Mar. Therefore, Plaintiff has not alleged facts to support any inference that Koehn's refusal specifically to prescribe PPIs or H2 blockers was in conscious disregard of Plaintiff's medical needs. Indeed, Koehn was prescribing medication for Plaintiff's condition—medication also prescribed by Plaintiff's prior physician. A dispute over the right approach to treatment may sound in medical malpractice, but does not, without more, rise to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Toguchi v.*

*Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004) (stating that "a difference of medical opinion . . . cannot support a claim of deliberate indifference").

Accordingly, the Court declines to reconsider its dismissal with prejudice of that portion of Count IV of the original Complaint arising from Koehn's refusal to prescribe PPIs or H2 blockers.[2] To the extent Plaintiff has re-pleaded this claim in the FAC, such amendment is improper and without effect. Plaintiff may not resurrect previously dismissed claims by re-pleading them in contravention of the Court's order.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider (ECF No. 41) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
DATED: This 17th day of February, 2017.

---

[2] However, as noted in the Court's screening order, Plaintiff's Eighth Amendment claim may proceed with respect to periods of time during which Koehn was not prescribing any medication to treat Plaintiff's GERD.