UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARIN J. FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>TANIA ARGUELLO, et. al.,<br><br>    Defendants. | Case No. 3:15-cv-00196-RCJ-WGC<br><br>**ORDER** |

Before the court is Defendants' Motion for Leave to File Medical Records Under Seal. (Electronic Case Filing (ECF) No. 34.) Plaintiff filed a response and cross-motion to unseal exhibits (ECF No. 40), and Defendants filed a reply (ECF No. 44).

In this motion, Defendants seek to file under seal exhibits containing Plaintiff's medical records. The exhibits are filed in connection with their Partial Motion to Dismiss.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of

access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id*. (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for

sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101 (9th Cir. 2016). If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants seek to file exhibits under seal in connection with their partial motion to dismiss which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

Defendants argue that the records should be filed under seal because they contain details about Plaintiff's medical issues. Plaintiff asserts that the medical records should not be filed under seal, and that the court order Defendants to refrain from filing future motions requesting the filing of Plaintiff's medical records under seal. (ECF No. 40 at 2.) Plaintiff states that he wants his medical records to be part of the public record, and indicates that he has executed a release of his medical information expressly authorizing the dissemination of his medical records to the public. (*Id*. at 3, 7-8.)

In their reply, Defendants acknowledge Plaintiff may waive his right to privacy, and do not oppose his waiver so long as it is for his entire medical file. (ECF No. 44 at 1.) They point out, however, that his waiver limits what can and cannot be made public, which will result in certain records being redacted and/or filed under seal. In addition, they state that inmates may not maintain medical records in their cells, and to the extent Plaintiff seeks to contravene prison regulations on this issue they oppose his request to unseal the records. (ECF No. 44 at 1.)

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

In this case, however, Plaintiff has waived any privacy interest he has in his medical records, has signed a release to that effect, and has by virtue of filing his opposition and cross-

motion expressly granted authority to disseminate medical records in the public record in this action. Therefore, compelling reasons no longer exist for sealing the records. Therefore, Defendants' motion (ECF No. 34.) is **DENIED**, and Plaintiff's cross-motion is **GRANTED** insofar as he requests that the exhibits that are the subject of Defendants' motion remain unsealed. The court will not issue a blanket order precluding Defendants from seeking leave to file records under seal in the future, but will deal with such a motion on a case-by-case basis, although in light of Plaintiff's waiver of any privacy interest in his records it seems unlikely that a motion to file records under seal in this case should be necessary in the future.  Insofar as Defendants indicate that Plaintiff's waiver only allows certain records to be made public, they can negotiate with Plaintiff to sign a release concerning any additional medical records that may need to be filed in this action. The court concludes that Plaintiff's response and cross-motion sufficiently waive any privacy interest in those exhibits being offered by Defendants at this time and they shall be unsealed. The court will not intervene with respect to the prison's regulations concerning the possession of medical records in an inmate's cell, and Plaintiff will still need to follow prison policy by sending a request to the warden to review such records.

**IT IS SO ORDERED.**

DATED: March 6, 2017.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE