UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARIN J. FRANKLIN,

Plaintiff,

v.

TANIA ARGUELLO,

Defendants.

Case No. 3:15-cv-00196-RCJ-WGC

**ORDER**

Before the court is Plaintiff's Motion to Strike/Dismiss Defendants' Untimely Filed Reply (ECF No. 52) to Partial Motion to Dismiss. (Electronic Case Filing (ECF) No. 54.) Defendants filed a response (ECF No. 57), and Plaintiff filed a reply (ECF No. 61).

Plaintiff asserts that he filed his response to Defendants' partial motion to dismiss electronically on December 20, 2016. (ECF No. 54 at 2; response at ECF No. 50.) CM/ECF indicated that the reply was due by December 27, 2016. (*Id*., CM/ECF entry at ECF No. 50.) Defendants did not file a request for an extension of time to file their reply brief, and filed the brief electronically on January 4, 2017. (*Id*. at 3; reply at ECF No. 52.) As such, Plaintiff asks that the court strike the untimely reply. (*Id*. at 3-4.)

In their response, Defendants state that due to a clerical error the reply was calendared for January 4, 2017: "Due to a clerical error, (the Reply was calendared as a Reply to a Dispositive Motion which is 14 days plus 3 for mailing), the Defendants' Reply in Support of Defendants' Partial Motion to Dismiss was filed on January 4, 201[7]." (ECF No. 57 at 1:28, 2:1-2.)

Under Local Rule 7-2(b), the deadline for Defendants to file and serve a reply is seven days after the response. Therefore, the reply should have been filed by December 27, 2016.

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A)-(B). Defendants did not file a request to extend the time to file their reply before it was due, and they did not make a motion after the time to file the reply expired.

Nevertheless, through its response to Plaintiff's motion, Defendants have in effect asked the court to extend the time, *nunc pro tunc*, to file their reply. Plaintiff opposes that request in his reply brief. Considering Defendants' request as a "motion" for purposes of Rule 6(b)(1)(B), the Ninth Circuit applies a four-factor equitable test in determining "whether a party's failure to meet a deadline constitutes 'excusable neglect.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The factors are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* The Ninth Circuit clarified how to apply this test in *Bateman v.*

*U.S. Potal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (court must engage in the four-factor analysis) and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (courts may not create per se "rigid legal rule against late filings attributable to any particular type of negligence."). These factors, and not the Nevada case authority cited by Defendants, govern the court's analysis here.

Here, the reply was filed eight days late because of a calendaring error. There is no evidence that this delay prejudiced Plaintiff, as the delay is minimal. The short delay has had no real impact on the proceedings, and there is no evidence of bad faith. Accordingly, the court concludes that Defendants have established excusable neglect, and Plaintiff's Motion to Strike (ECF No. 52) the reply brief is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 6, 2017.

William G. Cobb
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE