UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DARIN J. FRANKLIN, | Case No.  3:15-cv-00196-RCJ-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| | March 29, 2017 |
| TANIA ARGUELLO, *et al.*, | |
| Defendants. | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    <u>Katie Lynn Ogden</u>       REPORTER:         <u>FTR</u>

COUNSEL FOR PLAINTIFF:   <u>Darin J. Franklin, Pro Se (Telephonically)</u>

COUNSEL FOR DEFENDANTS:   <u>Heather Zana (Present)</u>

**MINUTES OF PROCEEDINGS:  Motion Hearing**

10:03 a.m.  Court convenes.

The court holds today's conference to address Plaintiff's "Motion for Sanctions" (ECF No. 49) and Plaintiff's "Motion to Amend Scheduling Order" (ECF No. 67).

The court preliminarily addresses DAG Zana with regard to certain motions to dismiss/motions for summary judgment being submitted more frequently by the deputy attorneys at the Attorney General's Office.  The court states it is referring to motions to dismiss that contain evidence outside the content of the complaint itself, which requires the court to discuss the legal standards of a motion to dismiss as well as the legal standards for a motion for summary judgment.  DAG Zana acknowledges that such filings are becoming more commonly submitted by the deputy attorneys general.  Ms. Zana represented she will address the court's concerns with her supervisor, Chief Deputy Attorney General Clark Leslie.  The court notes it, too, will address this approach to motion practice at the next quarterly meeting with the Attorney General's Office where non case-specific issues are discussed.

The court next addresses the Plaintiff's motion for sanctions (ECF No. 49).  The court's interpretation of Plaintiff's motion is predicated upon Fed. R. Civ. P. 11.  Despite Defendants' arguments to the contrary, Rule 11 does not include a good faith component, which is the essence

Minutes of Proceedings
3:15-cv-00196-RCJ-WGC
March 29, 2017
_____

of Defendants' response (ECF No. 51).  The court states several of Plaintiff's arguments made in his motion for sanctions are well founded.  For example, the court agrees with Plaintiff that the Defendants' argument for dismissal pursuant to 28 U.S.C.A. § 1915(e)(2)(b), the *in forma pauperis* statute, is irrelevant because Plaintiff paid the filing fee associated with this case and is therefore not proceeding *in forma pauperis* status.

     The court further expresses its concern in the Defendants' failure to address in either their response to Plaintiff's motion for sanctions (ECF No. 51) or its partial motion to dismiss reply memorandum (ECF No. 52) topics such as the IFP question, or the *Hudson* doctrine or the arguments made by Plaintiff with regard to his claims of improper discipline being predicated on constitutional grounds, not prison regulations as Defendants argued (and as Judge Jones' screening order noted).

     Additionally, Defendants failed to address in their response to Plaintiff's motion for sanctions (ECF No. 51) the claimed unavailability of antacids in the inmates' canteen at Ely State Prison and the apparent contradiction with regard to the dates antacid tablets were or were not available  (Referencing the Stephanie Pacheco Declaration, ECF No. 33-2 and Plaintiff's attachment of a commissary receipt, ECF No. 49 at 5).

     Finally, Defendants failed to respond to the Plaintiff's written request to withdraw or correct the Defendants' argument regarding *Parratt v Taylor*.  As Plaintiff submitted in his "safe harbor" letter and in his motion for sanctions, actions by a state employee taken pursuant to an established or authorized state procedure or regulation are not relegated to state post-deprivation remedies.  *Parratt*, the court explained, only applies to negligent or unauthorized taking of property.  The taking which is the subject of Plaintiff's complaint is not subject to a *Parratt* defense.  Plaintiff explained this distinction in his "safe harbor" letter to which Defendants' counsel admittedly did not respond; neither did Defendants address this distinction in their memorandum in reply to Plaintiff's motion for sanctions.

     In view today's discussions and the arguments of the parties, Plaintiff's motion for sanctions (ECF No. 49) is **GRANTED**.  The sanctions imposed will consist of the Attorney General's  Office financially reimbursing Mr. Franklin monetary charges related to photocopying of following documents: (1) Plaintiff motion for sanctions (ECF No. 49); (2) Plaintiff's reply memorandum to Defendants' response to the motion for sanctions (ECF No. 58); (3) Plaintiff's response to Defendants' partial motion to dismiss  (ECF No. 50); and (4) and any correspondence between Mr. Franklin and DAG Zana with regard to the motion for sanctions and/or Defendants' partial motion to dismiss.

     Plaintiff shall have up to and including **Friday, 4/7/2017**, to file a motion for reimbursement of photocopying expenses.  Defendants shall have **five (5) days** upon receipt of

Minutes of Proceedings
3:15-cv-00196-RCJ-WGC
March 29, 2017

Plaintiff's motion to respond to the motion.

      The court next addresses Plaintiff's motion to amend the scheduling order (ECF No. 67). Plaintiff submitted a reply (ECF No. 70) to Defendants' response (ECF No. 69), which informs the Defendants and court why he was unable to timely file his motion to extend the discovery deadline.   Plaintiff explains that he was transferred from Lovelock Correctional Center and admitted to Humboldt General Hospital for surgery following the day in which he was "rolled-up."  DAG Zana acknowledges Plaintiff's reply memorandum explaining the events leading up to his filing of the motion to amend; however, it remains Defendants' position that the motion was untimely filed.

      The court notes that Plaintiff's motion to strike Defendants' untimely reply memorandum (ECF No. 52) was denied by the court even though Defendants' memorandum was filed eight days late (ECF No. 64).  In view of Plaintiff's hospitalization, which satisfies both the good cause and excusable neglect standards, the court therefore approves the motion.   IT IS ORDERED Plaintiff's motion to amend the scheduling order (ECF No. 67) is **GRANTED**.  The deadlines contained in the current scheduling order (ECF No. 45) are revised as follows:

- Discovery Cut-Off: **Friday, 7/28/2017**;

- Discovery Motions: **Friday, 8/18/2017**;

- Dispositive Motions: **Thursday, 8/31/2017**;

- Proposed Joint Pretrial Order: **Friday, 9/29/2017**.  In the event dispositive motion are filed, the deadline to file the proposed joint pretrial order is suspended until thirty (30) days after a decision on the dispositive motions or further court order.

      The court next discusses with Plaintiff his oral request for court appointed counsel.  After explaining to Plaintiff the court's preliminary observation that he has shown the ability to accurately articulate his claims and arguments, Plaintiff is directed to file a formal written motion for appointment of counsel for the court's review and decision.  The court suggest Plaintiff address any exceptional or extraordinary circumstances that would justify the appointment of counsel, such as the potential limitations to taking inmate depositions, or depositions in general as an inmate *pro se* litigant.

The parties should be aware of the following:

    1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local

Minutes of Proceedings
3:15-cv-00196-RCJ-WGC
March 29, 2017

Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

    2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

    There being no additional matters to address at this time, court adjourns at 10:33 a.m.

                                      DEBRA K. KEMPI, CLERK OF COURT

                            By: _____/s/_____
                                  Katie Lynn Ogden, Deputy Clerk