**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARIN J. FRANKLIN, ) | |
| Plaintiff, ) | 3:15-cv-00196-RCJ-WGC |
| vs. ) | |
| TANIA ARGUELLO et al., ) | **ORDER** |
| Defendants. ) | |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") on Defendants' partial motion to dismiss the First Amended Complaint ("FAC"). The Magistrate Judge has recommended denying the motion.

## I. LEGAL STANDARDS

### A. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks

omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## II. DISCUSSION

Upon screening the original Complaint, the Court permitted some claims to proceed (Eighth Amendment deliberate indifference based on the cancellation of an antacid prescription and lack of nutrition, and First Amendment free exercise claims based on the lack of access to group worship and the sacrament of Holy Communion), dismissed some claims without leave to amend, and dismissed the following claims with leave to amend: (1) claims of due process violations at April 5, 2013 and April 17, 2013 disciplinary hearings; and (2) the claim of a First Amendment violation via the discarding of magazine inserts with subscription information. Plaintiff filed the FAC, amending the due process claims and abandoning the First Amendment claim.

Upon screening the FAC, the Court permitted all claims to proceed as pled but dismissed all Defendants except Murguia (Counts I and II), Dr. Koehn (Count III), and Baker (Counts IV and V). As to Counts I and II (due process violations at the disciplinary hearings), the Court noted that the claim of the loss of property via the state policy of imposing restitution at such hearings was enough to invoke the Due Process Clause and obviate the exception for unauthorized deprivations by rogue employees. The Court reserved judgment as to whether Plaintiff had sufficiently alleged the loss of a cognizable liberty interest via disciplinary segregation. The Court did not readdress Count III (deliberate indifference) or Counts IV and V (free exercise), because those claims had already been permitted to proceed. Plaintiff asked the

Court to reconsider: (1) the dismissal of several Defendants as to Counts I and II based on their failures to correct the alleged due process violations; and (2) the dismissal of one Defendant as to Counts IV and V based on his alleged implementation of the policies at issue. The Court denied the motion. Defendants have now asked the Court to dismiss Counts I–III.

### A. Counts I and II

The Court will not dismiss these claims but will require a more definite statement. In the FAC, Plaintiff appears to allege that he lost statutory good time credits as a result of the disciplinary hearings, but it is not totally clear if he means to allege that. (First Am. Compl. 3-A, ECF No. 22 ("and/or referred for forfeiture of statutory good time credits")). Plaintiff cannot challenge any hearing resulting in the loss of good time credit unless and until the convictions are reversed or otherwise vacated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Defendants also argue there is no subject matter jurisdiction because Plaintiff has a post-deprivation remedy in the state justice courts to recover the $50 of restitution taken. The Court rejects this argument. As the Magistrate Judge correctly notes, because Plaintiff alleges the restitution was ordered in accordance with state policy and was not a rogue action taken against state policy, the availability of a meaningful post-deprivation remedy, *see Parratt v. Taylor*, 451 U.S. 527 (1981), does not aid Defendants, *see Hudson v. Palmer*, 468 U.S. 517, 532–34 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)).

### B. Count III

The Court permitted the deliberate indifference claim against Dr. Koehn based on Dr. Koehn's cancellation of calcium antacids (but not based on the temporary refusal to re-prescribe PPI or H2) to treat Plaintiff's gastro-esophageal reflux disease ("GERD") to proceed because:

> Dr. Koehn's refusal to change the prescription from calcium antacids [back] to [Dr. Mar's previous prescription for] PPI or H2 [from February 2014 until September 2014] represents a disagreement in the method of treatment that cannot be said to constitute a total lack of treatment amounting to deliberate indifference

> in the constitutional sense. It may also be that the cancellation of the antacids [in June 2014] was based on a medical opinion that it was the overuse of the tablets that was causing the pain, but Plaintiff has sufficiently alleged at the pleading stage that their cancellation, combined with a lack of alternative treatment and Dr. Koehn's knowledge of Plaintiff's history of GERD, constituted deliberate indifference to Plaintiff's continuing pain.

(Screening Order 10:4–12, ECF No. 9). The Court of Appeals has noted that deliberate indifference claims based on "isolated occurrences of neglect" in failing to provide aspirin and antacids are "frivolous." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). That case, however, did not include the more extreme allegations made here, i.e., that Plaintiff's GERD was severe enough to have previously required special medication, and that it was an ongoing condition causing extreme, continuous pain.

Defendants argue, however, that because antacids were available from the prison canteen, there can be no claim of deliberate indifference based on Dr. Koehn's cancellation of the prescription for them. If antacids were in fact available, an Eighth Amendment claim would not be viable absent some evidence that their cost was prohibitive. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (affirming Judge Reed's dismissal of a claim as frivolous, because absent an inability to pay, a $3 fee for medical treatment of prisoners does not implicate the Eighth Amendment). The Court can find in the FAC no admission or denial of the availability of antacids via the prison canteen during the relevant time period. The Court therefore will not dismiss based on this argument. As the Magistrate Judge has noted, however, Defendants have invited the Court to treat the motion as one for summary judgment insofar as they have attached relevant evidence beyond the pleadings. Defendants have satisfied their initial burden to eliminate any question of fact as to Dr. Koehn's deliberate indifference to Plaintiff's GERD, because antacids have been available in the Ely State Prison canteen since 2013. (*See* Pacheco Decl. ¶ 4, ECF No. 33-2). Plaintiff has adduced no contrary evidence to satisfy his shifted burden. Nor has he adduced evidence that he could not afford antacids, and

his allegations of having spent approximately $160 per month on food over a five-month period in 2013 indicates that he could have. Indeed, Plaintiff in this case did not even apply to proceed *in forma pauperis*. The Court grants summary judgment against the deliberate indifference claim based on failure to treat Plaintiff's GERD.

Next, the Court permitted the deliberate indifference claim against Koehn based on weight loss to proceed because:

> "The Eighth Amendment requires . . . that prisoners receive food that is adequate to maintain health . . . ." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff alleges that he ate every bit of food provided to him, yet his weight dropped from approximately 200 pounds to approximately 170 over the course of nine weeks. (Compl. 6-M-to 6-N). That is an average weight loss of approximately half a pound per day. Plaintiff also alleges hunger pangs and lethargy. The Court concludes that Plaintiff has adequately alleged a failure to provide him with sufficient nutrition to maintain his health during the relevant time. Although minor fluctuations in weight, or even significant weight loss of an obese person who was provided with a normal amount of daily nutrition would not constitute cruelty in the constitutional sense, a lack of nutrition that causes one's weight to drop from 200 to 170 pounds over nine weeks and which is insufficient to avoid hunger pangs and lethargy is a plausible claim of inadequate nutrition.

(*Id.* 11:3–13) (alterations in original). The allegations in the FAC are not materially different. The Court will not dismiss this claim but will grant summary judgment. Defendants adduce evidence indicating that Dr. Koehn noted no weight loss between May 22 and July 3, 2013 while monitoring Plaintiff's weight after Plaintiff complained to him of weight loss. In his verified response, Plaintiff attests that the weight loss occurred prior to May 22, 2013 and that he did not continue to lose weight while being monitored by Dr. Koehn because he was purchasing additional food at that time. Plaintiff attests that he presented Dr. Koehn with a written log of his additional food consumption. The Court finds that the evidence adduced cannot support a finding in Plaintiff's favor under the subjective prong of the deliberate indifference test. No evidence is adduced of weight loss or any indications of a lack of nutrition during Dr. Koehn's monitoring. Although Plaintiff attests that he told Dr. Koehn he was supplementing his diet, and

the Court must therefore resolve that issue in his favor on summary judgment, the Court need not impute a subjective belief of the truth of Plaintiff's claim to Dr. Koehn. Plaintiff has adduced no evidence indicating that Dr. Koehn believed Plaintiff's claim that his weight loss had only stopped because he was supplementing his diet. Dr. Koehn was under no duty to credit such a claim without any objective evidence beyond Plaintiff's say-so. Where medical staff acknowledge a serious medical condition and fail to treat it, the subjective prong of deliberate indifference has been shown. But here, there is no evidence Dr. Koehn acknowledged any serious risk of harm. Even if he had believed it, he had no basis to conclude there was any serious risk of harm, because he was monitoring Plaintiff's weight and was able to prescribe more food if it dropped. The Court grants summary judgment against this claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 65) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 33) is GRANTED IN PART and DENIED IN PART. Plaintiff shall make a more definite statement as to whether he lost good time credit as a result of the April 5, 2013 and April 17, 2013 disciplinary hearings within twenty-eight (28) days. Plaintiff may not further amend the FAC but shall file a separate statement addressing the issue. Dr. Koehn is entitled to summary judgment against Count III.

IT IS SO ORDERED.

Dated: Nunc Pro Tunc May 24, 2017.

_____
ROBERT C. JONES
United States District Judge