UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARIN J. FRANKLIN, | ) | 3:15-cv-00196-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF No. 99 |
| TANIA ARGUELLO, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Compel (ECF No. 99) and Defendants' Opposition (ECF No. 102). No reply memorandum has yet been filed. The court has preliminarily reviewed Plaintiff's motion and Defendants' opposition. This order expresses the court's skepticism regarding various issues regarding Plaintiff's apparent failure to satisfactorily comply with the pertinent "meet and confer" standards pertaining to discovery motions. The court is also concerned about (1) which of Plaintiff's discovery pertains to any of Plaintiff's claims which have survived screening and the court's orders on motions (i.e., relevance) and (2) whether Plaintiff's discovery is proportional to the needs of the case. Plaintiff is directed to address these perceived deficiencies in his reply memorandum. The court now addresses its observations.

Meet and Confer

Plaintiff submits a cursory statement that he and defense counsel "failed to reach any amicable compromise through a meet and confer telephone conference conducted with defense counsel Heather B. Zana, Deputy Attorney General (Defendants) on February 12, 2018 . . ." (ECF No. 99 at 1). Plaintiff also states in his declaration he telephoned defense counsel "on February 12, 2018, at 8:00 a.m.

in a good faith effort to resolve or reach a compromise on the unanswered or unfilled discovery requests." Without providing any specificity, Plaintiff asserts that despite "personal consultation and sincere effort to do so," the parties were "unable to achieve progress in resolving the unfilled discovery requests. . ." (ECF No. 99 at 11.)

In Defendants' opposition to Plaintiff's motion to compel, however, Ms. Zana states the conference was "impromptu" and only addressed the subject of Plaintiff's medical records. (ECF No. 102 at 1.) Defendants further state the "impromptu telephone conference on February 12, 2018 . . ." did not make it ". . . clear that Plaintiff was attempting to conduct a 'meet and confer' regarding discovery. Plaintiff did ask if Defendants would supplement and provide his medical records. Defense counsel responded with advising that due to those claims being dismissed (no longer in litigation) we would not be proffering documents that was outside the scope of litigation or pertained to dismissed claims." (*Id.*)

As Plaintiff recognizes, Fed. R. Civ. P. 37(a) requires any discovery motion to be preceded by a "certification that the movant has *in good faith* conferred . . . with the person or party failed to make the disclosure or discovery in an effort to obtain it without court action." (emphasis added) (ECF No. 99 at 3.) Plaintiff also acknowledges LR 26-7 states "discovery motions will *not* be considered unless a statement by the movant is attached thereto certifying that, after personal consultation and a *sincere effort to do so*, the parties have been unable to resolve the matter without court action." Although Plaintiff's motion certifies he undertook a *good faith* effort to resolve the discovery dispute, other than perfunctorily stating he and Ms. Zana failed to reach an "amicable compromise," Plaintiff fails to elaborate on his *sincere* effort to satisfy Fed. R. Civ. P. 37(a) and LR 26-7. Inasmuch as Plaintiff's 49 page motion to compel was mailed for filing and service the same day as the alleged "meet and confer" (2/12/18, ECF No. 99 at 49), the court is highly suspicious Plaintiff actually undertook a "sincere" effort to resolve the discovery issues inherent to his motion.

The concept of a meet and confer that is intended to realistically resolve a discovery dispute is set forth in the court's definition of "meet and confer" in the Local Rules, i.e., LR IA 1-3(f):

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through

2

> direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.
>
> * * *
>
> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

Additionally, under Rule 26-7, a movant in a discovery dispute is required to set forth "*the details and results*" of the meet and confer ". . . about *each* disputed discovery request." (emphasis added.) Plaintiff's motion hardly complies with this requirement. While Plaintiff provides a declaration which merely summarizes the objections Defendants set forth, Plaintiff does not discuss each objection and explain why or how the discovery Plaintiff seeks is relevant to any party's claim or defense. He certainly does not elaborate on the "details" of "each disputed discovery request" he and Ms. Zana allegedly discussed.

Again, while Plaintiff has submitted a generalized declaration (ECF No. 99 at 10-12), there is no specificity regarding either his request or Defendants' objection in his declaration. As discussed above, the meet and confer certification or declaration requires the movant to also set forth the *details* and the *results* about *each* disputed discovery request which is the subject of movant's motion. LR 26-7(c).

Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

///

3

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).

To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g., Cardoza*, 141 F. Supp. 3d at 1145.

Rule 37(a) and LR 26-7 require more than mere lip service to the rules by parroting their terms and provisions. The federal court's meet and confer rules may not be satisfied with a perfunctory or conclusory statement that the meet and confer obligation was satisfied.  In any reply memo filed by Plaintiff, Plaintiff shall elaborate on how he and defense counsel addressed the details - and results - of *each* of the discovery requests which are now the subject of Plaintiff's motion.   The failure to satisfy this component of the meet and confer rules may result in the summary denial of Plaintiff's motion. LR IA 1-3(f)(4).

Relevance and Proportionality:  Rule 26(b)(1)

Prior to discussing these two discovery requirements of the federal rules, the court will summarize the legal posture of this case as it now stands before the court.  The scope of the civil rights violations have been considerably narrowed since the filing of Plaintiff's Complaint (ECF No. 2) and

First Amended Complaint (ECF No. 22). The court's screening orders (ECF Nos. 9, 21) and orders on motions (ECF Nos. 80, 96) now permit only four counts to proceed: Counts I and II as to Defendant Murguia (relating to the conduct of disciplinary proceedings OIC 357346 and 357355 which Plaintiff claims deprived him of funds deducted from his inmate account and for which he seeks restitution totaling $539.00) and Counts IV and V as to Defendant Baker (relating to denial of access to religious services under the Free Exercise Clause of the First Amendment and the Religious Land use and Institutionalized Persons Act ("RLUIPA") by not allowing Plaintiff to attend group religious services and obtaining communion. The claims in Count III (medical) were dismissed. (ECF Nos. 80, 96).

Having summarized the current posture of this case, the court will proceed to make a few observations regarding Plaintiff's discovery requests vis-a-vis Rule 26(b)(1), starting first with a recitation of Rule 26(b)(1).

Rule 26(b)(1) - the discovery must be relevant and proportional to any party's claim or defense

Rule 26(b)(1) provides in pertinent part as follows:

> (b) Discovery Scope and Limits.
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff has "grouped" the general subjects of his discovery requests into five lettered categories, A though F. Subject A addresses approximately 14 disputed requests which Plaintiff states pertain to Murguia's failure to provide him due process in Plaintiff's disciplinary proceedings. Subject B seemingly pertains to approximately 21 different requests to which defendants objected, some of which seemingly relate to his now-dismissed medical claims and others to the nature of his disciplinary detention as a result of his conviction on the NDOC infraction charges. Topic C addresses "fair disciplinary proceedings," which may be moot because it appears Defendants responded to this section. Documents under category D relate to witness whereabouts and E pertain to his statutory good time

5

credits which Plaintiff claims were removed as a result of his discipline convictions. While Plaintiff has generally addressed the subject matter (in the aggregate within his subjects or topics), Plaintiff does *not*, however, discuss the substance of the defendants' responses to each of the disputed topics.

Many of Plaintiff's discovery requests seem to be neither relevant to Plaintiff's surviving claims nor proportional to the needs of the case. For example, Plaintiff's request for a transcript of OIC 339188 in Request No. 1 (Topic A) is seemingly irrelevant to any of Plaintiff's claims as the OIC's which are the subject of this case in Counts I and II are 357346 and 357355. Similarly, Plaintiff's requests for document relating to OIC 339188 in Request Nos. 3, 16, 17, and 18 are beyond the scope of Plaintiff's action - unless Plaintiff can identify how OIC 339188 related to his pending claims.

Similarly, records of other inmate grievances against Murguia (Request No. 26), even if they existed, would not tend to prove Murguia violated Plaintiff's due process rights during Plaintiff's disciplinary proceedings. Request No. 26 as to inmate grievances against NDOC employee Peter Garibaldi that allege due process violations does not appear to be relevant to any claim or defense in this action; the similar conclusion is reached as to Request No. 28 as to NDOC Tonia Arguello.

Request No. 29 seeks production of all grievances (without any time constraints) which have been filed against Warden Baker. Even if the grievance requests are limited to complaints of due process violations as against Baker, the request seems to be over broad and not in any way proportional to the needs of the case. Requests 49 & 50 pertain to other "settlements/awards" for due process violations made in NDOC cases; NDOC is not a party to this case and the current defendants would not have access to such documentation. But even if they did, this would likely involve a time consuming, laborious and expensive process; Plaintiff will have to explain both the relevance and proportionality of his request.

The court is not going to review at this time each and every of the disputed requests - that will be Plaintiff's responsibility if he wishes to pursue this motion (assuming he can adequately explain the shortcomings of his attempt, such as it was, at a meet and confer conference). The court notes in any event that Rule 26(b)(2)(C)(iii) requires the court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if the court determines that the scope of discovery is outside the

scope permitted by Rule 26(b)(1)." But even if the discovery pertains to a relevant subject matter, the concept of proportionality is designed to further limit information which is discoverable when one considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative resources, the importance of the discovery in resolving the issues presented by the case, and whether the burden or expense of the proposed discovery outweighs its likely benefit. These are subjects Plaintiff will have to consider and address in explaining why he should be permitted to proceed with approximately 40 (out of 54) discovery requests which were disputed by the defendants.

DATED: March 1, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE